UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

STEPHEN ALLEN, JR.,

                Petitioner,

  -against-

**MEMORANDUM AND ORDER**
10-CV-0341(SJF)

NEW YORK ADMINISTRATION FOR
CHILDREN SERVICES; MERCY FIRST
CARE,

                Respondents.
--------------------------------------------------------X

FEUERSTEIN, United States District Judge:

On January 19, 2010, *pro se* petitioner Sandra Morrison Allen ("Allen") commenced this proceeding, purportedly on behalf of her son Stephen Allen, Jr., who has been placed in the care of respondent Mercy First Care by respondent Administration for Children Services ("ACS"), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Allen seeks the cessation of proceedings in New York state court seeking to terminate her parental rights and the return of her son to her custody.[1] However, for the reasons set forth below, the petition is *sua sponte* dismissed with prejudice for lack of jurisdiction.

I.    BACKGROUND

Based upon the allegations in the petition, it appears that in or around 2005, Allen was convicted of child abuse in New York State Family Court, Queens County, as a result of which her children were removed from her custody and placed in the care of respondents. Thereafter,

---

[1] On January 19, 2010, leave to proceed *in forma pauperis* in this action was granted pursuant to Administrative Order 2001-06.

1

Allen commenced numerous proceedings in both New York State Supreme Court and Family Court, *inter alia*, challenging the state courts proceedings and alleging violations of her constitutional rights with respect to those proceedings. In those state court proceedings, Allen repeatedly sought, *inter alia*, the removal of her son from respondents' care and his return to her custody based, in part, upon her claims that her son was being mistreated while in the care of respondents.

In the petition, Allen asserts the following claims: (a) cruel and inhuman treatment based upon allegations, *inter alia*, that her son has been, and is being, abused while in the care of respondents, was placed in six (6) different foster care homes in one (1) year, was denied contact with his parents and other relatives, and was denied his religion and culture; (b) the denial of her rights to a speedy and fair trial in the state court proceedings; and (c) the denial of her and/or her son's equal protection and due process rights based upon, *inter alia*, acts and/or omissions occurring during the course of the state court proceedings. (Petition [Pet.], ¶ 12). Allen seeks, *inter alia*, "a bar on the continuation of the [state court] termination of parental right proceeding * * * return [of her son] to [her] care and custody * * * [and] [a] stay on all family court proceeding[s] * * *." (Pet., Relief Clause).

II. DISCUSSION

This Court may "entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, in Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 510-511, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982), the Supreme Court held that children in foster care,

2

like Allen's son, are not in the "custody" of the state within the meaning of 28 U.S.C. § 2254. "Rather, '[t]hey are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.'" Middleton v. Attorneys General of the States of New York and Pennsylvania, 396 F.3d 207, 209 (2d Cir. 2005) (quoting Lehman, 458 U.S. at 510, 102 S.Ct. 3231). "The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." Lehman, 458 U.S. at 511, 102 S.Ct. 3231.

In this proceeding, Allen "simply seeks to relitigate, through federal habeas, not any liberty interest of her son[], but the interest in her own parental rights." Lehman, 458 U.S. at 511, 102 S.Ct. 3231. "[F]ederal habeas has never been available to challenge parental rights or child custody." Id. Because Allen's son is not in state custody within the meaning of Section 2254, this Court does not have jurisdiction to review by means of a habeas application the state court's parental rights or child custody determinations.[2] See Middleton, 396 F.3d at 209 (citing Lehman, 458 U.S. at 512, 102 S.Ct. 3231). Accordingly, the petition is dismissed for lack of jurisdiction.

III. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is *sua sponte* dismissed with prejudice for lack of jurisdiction. The Clerk of the Court shall enter judgment in favor of respondents, close this case and serve notice of entry of this Order in accordance with

---

[2] The appropriate vehicle, if any, by which Allen may seek relief in federal court for the constitutional claims she alleges in her petition is by means of an action commenced pursuant to 42 U.S.C. § 1983. Allen has, in fact, commenced such an action, which is currently pending in this Court under docket number 10-cv-0667.

3

Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: June 21, 2010
      Central Islip, New York